Antoine PEREZ, Plaintiff

v.

**DEAN EQUIPMENT, INC., Defendant.**

Limit (No. 2) Limited, Plaintiff–
Appellant

v.

Dean Equipment, Inc., Defendant–
Appellee.

No. 07–30035.

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 2008.

Mat Marion Gray, III, Fowler Rodriguez & Chalos, New Orleans, LA, for Plaintiff/Plaintiff–Appellant.

Alan M. Cohen, Steeg & O'Connor, New Orleans, LA, Ronald A. Johnson, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, for Defendant/Defendant–Appellee.

Before HIGGINBOTHAM, DAVIS, and SMITH, Circuit Judges.

PER CURIAM: *

Limit (No. 2) Limited (Limit) a marine insurer, sued its insured Dean Equipment,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Inc. (Dean) seeking a declaratory judgment declaring that plaintiff had no obligation to defend Dean on a suit brought by an employee of Dean.

The district court dismissed Limit's suit on summary judgment concluding that Dean's insurer, Limit, waived its coverage defense by unqualifiedly defending Dean for almost nine months after Limit had notice that its policy likely afforded no coverage.

We agree with the district court that the Louisiana Supreme Court decision of *Steptore v. Masco Construction Co., Inc.,* 643 So.2d 1213 (La.1994), controls this case. In that case the Louisiana Supreme Court stated:

> Accordingly, when an insurer, with knowledge of facts indicating noncoverage under the insurance policy, assumes or continues the insured's defense without obtaining a nonwaiver agreement to serve its coverage defense, the insurer waives such policy defense.

*Id.* at 1216.

The district court correctly granted summary judgment.

AFFIRMED.